```
                            United States Bankruptcy Court
                              Middle District of Florida
In re:                                                                              Case No. 16-03913-JAF
Lilly Josephine Real                                                                Chapter 7
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 113A-3          User: smelissa              Page 1 of 1                  Date Rcvd: Mar 16, 2020
                              Form ID: pdfdoc             Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 18, 2020.
```
db             +Lilly Josephine Real,    3186 W. Flagler St., No. 3,    Miami, FL 33135-1279
cr             +Frank Polo,   1475 SW 8th St,    Apt 411,   Miami, Fl 33135-3891
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 18, 2020                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 16, 2020 at the address(es) listed below:
```
              Alexander G. Smith    alex@agsmithtrustee.com,    FL52@ecfcbis.com
              Collette B Cunningham    on behalf of Defendant    United States Of America
               Collette.Cunningham@usdoj.gov,    Chantal.sabino@usdoj.gov;Brittany.Robinson2@usdoj.gov
              Edward P Jackson    on behalf of Plaintiff Lilly Josephine Real edward@edwardpjackson.com,
               traci@edwardpjackson.com,linda@edwardpjackson.com,jacksonpacer@gmail.com,
               christina@edwardpjackson.com;p.er70969@notify.bestcase.com
              Edward P Jackson    on behalf of Debtor Lilly Josephine Real edward@edwardpjackson.com,
               traci@edwardpjackson.com,linda@edwardpjackson.com,jacksonpacer@gmail.com,
               christina@edwardpjackson.com;p.er70969@notify.bestcase.com
              United States Trustee - JAX 13/7    USTP.Region21.OR.ECF@usdoj.gov
                                                                                             TOTAL: 5
```

ORDERED.

Dated: March 16, 2020

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Lilly J. Real,            Chapter 7

           Case No.: 3:16-bk-3913-JAF

Debtor.
_____/

**ORDER ON REMAND**

This case came before the Court upon an Order entered by the United States District Court (the "District Court") on September 9, 2019. This matter originated in this Court when the Debtor filed a Motion for Sanctions [for Violation of the Discharge Injunction] against Creditor, Frank Polo on September 22, 2017. On November 3, 2017, Mr. Polo filed a Motion to Dismiss the Motion for Sanctions. On January 8, 2018, the Court conducted a trial on the Motion to Dismiss and the Motion for Sanctions.

On April 27, 2018, the Court entered an Order Denying Motion to Dismiss, Granting Motion for Sanctions, Awarding Attorney's Fees, and Enjoining Frank Polo from Any Further Attempt to Collect Alleged Pre-Petition Debt from Debtor (the "Sanctions Order"). On April 30, 2018, the Court entered Findings of Fact and Conclusions of Law. Therein the Court found the following. The Debtor served as a guardian ad-litem in a custody proceeding between Mr. Polo

and the mother of his twin children. After the conclusion of the Debtor's service in the custody proceeding, she filed a bankruptcy petition. She did not list Mr. Polo on her bankruptcy schedules because she did not consider him to be a creditor. Creditors in the bankruptcy case were instructed not to file a proof of claim because there were no assets available to pay creditors.

Approximately two months after the Debtor filed her bankruptcy petition, Mr. Polo sent the Debtor an email asking if the email address was a valid address to serve her with documents. In response, the Debtor indicated the email address was valid and also informed Mr. Polo that she was "in the middle of a bankruptcy proceeding." As a result of the Debtor's email to Mr. Polo, he had actual knowledge of the Debtor's bankruptcy case on that day.

Forty-one days later, on the date of the deadline for creditors to file a complaint objecting to the Debtor's discharge or to determine the dischargeability of a debt, Mr. Polo filed a complaint against the Debtor in state court alleging that the Debtor's actions and testimony in the custody proceeding resulted in him not receiving the time sharing he had expected. Mr. Polo sought compensatory damages, punitive damages, and attorney's fees. Mr. Polo did not file an adversary proceeding to determine the dischargeability of the Debtor's alleged debt to him. Two days later the Court entered a discharge in the Debtor's bankruptcy case.

After the Debtor became aware of the state court action, she filed an amendment to her bankruptcy schedules adding Mr. Polo as a creditor in her bankruptcy case. She also filed a suggestion of bankruptcy in the state court action and served Mr. Polo with a copy of the suggestion of bankruptcy. As a result, the state court placed the state court action into inactive status. Thereafter, Mr. Polo filed a Notice of Intent Not to Prosecute in the state court action, wherein he acknowledged that the automatic stay extended to the Debtor and that he could not seek discovery from the Debtor until he obtained relief from the automatic stay.

Three weeks later, Mr. Polo filed a motion for leave to amend the complaint in the state court action. On that same day the Debtor's bankruptcy attorney emailed Mr. Polo and informed him that the Debtor had received a discharge in her bankruptcy case. The email also reminded Mr. Polo that he had actual knowledge of the bankruptcy because a suggestion of bankruptcy was filed in the state court action. The email further stated: "I recently received a copy of the proposed amended complaint that would include [the Debtor] as a defendant. This action is in violation of her bankruptcy discharge. Please take this email as your warning that I will advi[s]e [the Debtor] to seek sanctions against you in the bankruptcy court if you proceed against [her] in the [state court action]."

Approximately five weeks after Mr. Polo received the email from the Debtor's bankruptcy attorney, he filed a motion in the state court action by which he sought to have the state court determine that the Debtor's alleged debt to him was not discharged by her bankruptcy filing and to reinstate his right to continue prosecuting the state court action against the Debtor. Thereafter, the Debtor filed the Motion for Sanctions. The Debtor sought attorney's fees representing the time her attorney spent between September 2017 and February 2018 prosecuting the Motion for Sanctions.

The Court denied Mr. Polo's Motion to Dismiss the Motion for Sanctions, finding that it had personal jurisdiction over Mr. Polo. The Court also found that, although the state court had concurrent jurisdiction to determine whether the Debtor's alleged debt to Mr. Polo was excepted from her discharge, such concurrent jurisdiction did not deprive the Court of jurisdiction. The Court found that the Debtor's alleged debt to Mr. Polo, resulting from her conduct in the custody proceeding, was discharged by the entry of her discharge.

3

At the time the Court entered the Findings of Fact and Conclusions of Law and the Sanctions Order, a creditor was liable for contempt and therefore subject to sanctions for a violation of the discharge injunction if it knew that the discharge injunction was invoked and intended the actions, which violated the discharge injunction. See Hardy v. United States (In re Hardy), 97 F.3d 1384, 1388-89 (11th Cir. 1996). The Court found that the imposition of sanctions against Mr. Polo was warranted for the following reasons. First, despite being warned by the Debtor's bankruptcy attorney that he would advise the Debtor to seek sanctions against Mr. Polo for a violation of the discharge injunction if he proceeded in the state court action against the Debtor, Mr. Polo nonetheless did so. Second, the case law indisputably provides that an unscheduled creditor in a no asset Chapter 7 bankruptcy case is never prevented from timely filing a proof of claim, and therefore the Debtor's alleged debt to Mr. Polo was not excepted from her discharge under § 523(a)(3)(A). Finally, the Debtor's alleged debt to Mr. Polo was not "of a kind specified" in § 523(a)(2), (a)(4), or (a)(6), and, even if it was, Mr. Polo received actual notice of the case in time to file a complaint to determine the dischargeability of the Debtor's alleged debt to him. As a result, the Debtor's alleged debt to Mr. Polo was not excepted from her discharge under § 523(a)(3)(B). The Court imposed sanctions against Mr. Polo in the amount of $4,935.00. Mr. Polo appealed the Sanctions Order to the District Court.

While the appeal was pending, the United States Supreme Court rejected the standard set forth in Hardy, noting that such a standard would "authorize civil contempt sanctions for a violation of a discharge order regardless of the creditor's subjective beliefs about the scope of the discharge order, and regardless of whether there was a reasonable basis for concluding that the creditor's conduct did not violate the order." Taggart v. Lorenzen, 139 S.Ct. 1795, 1801 (2019). The Court held that a creditor may be held in civil contempt for violating the discharge injunction

if "there is no fair ground of doubt as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." Id. at 1799.

On September 9, 2019, the District Court entered its order on the appeal of the Sanctions Order. Therein it affirmed the Sanctions Order in all respects except for this Court's determination that Mr. Polo's actions in the state court action justified the imposition of sanctions. The District Court vacated the portion of the Sanctions Order which imposed sanctions against Mr. Polo and remanded the case to this Court for the limited purpose of determining whether sanctions are warranted under the "no fair ground of doubt" standard set forth in Taggart. For the same reasons that this Court found that sanctions were warranted under the Hardy standard, the Court finds that sanctions are warranted under the "no fair ground of doubt" standard. There was no objectively reasonable basis for Mr. Polo to conclude that the Debtor's alleged debt to him was excepted from her discharge and therefore no objectively reasonable basis for him to conclude that his attempts to collect such a debt might be lawful. Upon the foregoing, it is

ORDERED:

1. The Motion for Sanctions filed by the Debtor is granted.

2. The Court imposes sanctions against Frank Polo in the amount of $4,935.00.

3. Mr. Polo shall pay $4,935.00 to Edward Jackson, Esquire within 60 days of the date of this Order, failing which the Court, upon affidavit and Motion of Mr. Jackson, will enter a judgment in Mr. Jackson's favor. Such judgment shall be enforced through the state courts.

Clerk's Office to Serve.