# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FRANK E. POLO, SR. ,

    Appellant,

v.

LILLY JOSEPHINE REAL,

    Appellee.

                                   /

Case No. 3:20-cv-429-J-39

## O R D E R

**THIS CAUSE** is before the Court on Appellee's Motion to Dismiss Appeal as Untimely (Doc. 12) and Memorandum in Support (Doc. 13), and Appellant's Response (Doc. 15).

The bankruptcy court entered its order of sanctions against Appellant on March 16, 2020. (Doc. 4.2). Federal district courts, such as this one, act as appellate courts in reviewing final orders and judgments of the bankruptcy courts. Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1940 (2015) (quoting 28 U.S.C. 157(b)(1)) ("Congress gave bankruptcy courts the power to 'hear and determine' core proceedings and to 'enter appropriate orders and judgments,' subject to appellate review by the district court."); see also In re Williams, 216 F.3d 1295, 1296 (11th Cir. 2000) ("The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision."). "In a bankruptcy case, an order is final and appealable if it resolves a particular adversary proceeding or controversy rather than the entire bankruptcy litigation." In Re: C.D.

Jones & Co., Inc., 658 F. App'x 1000, 1001 (11th Cir. 2016) (internal quotations omitted).

"[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002 (a)(1). Under certain circumstances, a bankruptcy court may extend the time for filing a notice of appeal. Fed. R. Bankr. P. 8002(d). However, it may only do so if a party files a motion seeking to extend the deadline prior to its expiration, or within twenty-one days from the expiration of the deadline. Id. "The timely filing of a notice of appeal is jurisdictional." In re Ocean Warrior, Inc., 835 F.3d 1310, 1318 (11th Cir. 2016) (internal quotations omitted). In this case, Appellant filed his appeal of the bankruptcy court's order on April 3, 2020, or 18 days after the order being appealed was entered. (Doc. 1). There is no dispute that the order of sanctions was appealable when entered and that Appellant failed to seek an extension of time to file his appeal. Even allotting Appellant three additional days for service by mail does not render this appeal timely because the "ten day period of Rule 8002(a) begins to run upon the entry of the order, not its service." See In re Williams, 216 F.3d at 1297 n.3 (internal quotations omitted).[1]

Accordingly, after due consideration, it is

**ORDERED:**

1. Appellee's Motion to Dismiss Appeal as Untimely (Doc. 12) is **GRANTED**.

---

[1] Because Appellant received the bankruptcy court's order prior to the deadline to file an appeal and the deadline to seek an extension of the appeal deadline, the remainder of Appellant's argument regarding receipt fails. Accord. Id. n.4.

2. This appeal is **DISMISSED**. The Clerk of the Court shall close this file and terminate any pending motions.

**DONE** and **ORDERED** in Jacksonville, Florida this _4th_ day of August, 2020.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties