## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

FRANK E. POLO, SR.,
Appellant,

v.                                    CASE NO: 3:20-cv-00429-BJD

LILLY J. REAL,
Appellee,

_____/

*FILED*
*JACKSONVILLE, FLORIDA*
*APR 2 8 2021*
*Via e-mail*
*CLERK, U.S. BANKRUPTCY COURT*
*MIDDLE DISTRICT OF FLORIDA*

## MOTION FOR CERTIFICATION OF APPEAL TO THE ELEVENTH CIRCUIT
## COURT OF APPEALS

FRANK E. POLO SR. (the "Appellant"), hereby files this Motion for *Certification of Appeal to The Eleventh Circuit Court of Appeals* and stays as follows:

### PROCEDURAL HISTORY

1. This matter originated in the Bankruptcy Court for the Middle District of Florida when the Debtor filed a Motion for Sanctions [for Violation of the Discharge Injunction] against Creditor me Polo on September 22, 2017.

2. On November 3, 2017, I filed a Motion to Dismiss the Motion for Sanctions based on lack of personal jurisdiction.

3. On or about January 8, 2018, the Court conducted a trial on the Motion to Dismiss and the Motion for Sanctions.

4. On or about April 27, 2018, the Court entered an Order Denying Motion to Dismiss, Granting Motion for Sanctions, Awarding Attorney's Fees, and Enjoining me (Frank Polo) from Any Further Attempt to Collect Alleged Pre-Petition Debt from Debtor.

5. On or about May 14, 2018, I filed timely Notice of Appeal for the above-mentioned order.

6. On or about April 27, 2018, requesting the appeal to be directed to the Circuit Court for the Middle District of Florida (the "Circuit Court").

7.  On or about Sep 9, 2019, a year and 5 months later, the Circuit Court ruled on the appeal and affirmed in part the April 27, 2018 order, and remanded in part. Nevertheless, the circuit court wrongly determined the issue of personal jurisdiction.

8.  On Mar 16, 2020, this court entered an Orden on Remand, and this court, for reasons unknown to me, failed to serve me with the order in my place of abode. Notice that this had happened before with appealable orders. Therefore, when l tried to appeal, it was too lake because I was served in the wrong address. See for more details the *Verified Motion for Relief from All Judgments Entered In This Case*.  See Doc. No. 94

9.  On Apr 3, 2020, I filed a Notice of Appeal which was late, but I had not realized so. Therefore, after the Court of Appeal disseminated that continuing with the appeal would be frivolous, I understood the reasoning and I removed the appeal.

10. On March 17, 2021, this court received via U.S. Certified Mail the *Verified Motion for Relief from All Judgments Entered in This Case.* Docket No. 93.

11. On or about Apr 16, 2021 this Court denied the motion without an opinion. See Docket No. 94.

12. Very soon, in September, it would be three (4) years that this case has been in the Middle District of Florida. Consequently, I honestly believe that the parties and the case will benefit greatly by allowing this case to go directly to the Court of Appeal. Additionally, judicial resources will be conserved by doing so.

## PETITION

13. 28 U.S.C. §158, grants jurisdiction to the Eleventh Circuit Appeals to hear and determine appeals from the Bankruptcy and District Court.

14. The Bankruptcy and Circuit Court for the Middle District of Florida had an opportunity to examine the case. Since I continue to believe the determination of both courts to be appealable as a matter of great importance to the public due to the constitutional due process and Personal jurisdiction questions presented by this case. Therefore, an appeal to the Circuit Court will result in better optimization of judicial resources, reduction of undue delay, and a reduction of the cost to parties.

15. This case has been in the Middle District of Florida for almost four (4) years now. Sending this appeal to the District Court for the Middle District of Florida will (1) waste Judicial resources, (2) create a double appeal by right (one to the District Court and a second later to the Circuit Court) which will add delay and expenses to the bankruptcy system; (3) will unduly delay the case, (4) and will result in an increased cost for the parties. Moreover, an immediate appeal to the Circuit Court of Appeals may materially advance the progress of the case or proceeding after this long almost four years of litigation.

WHEREFORE, the appellant (Creditor) in this case, respectfully asks this court to immediately certify this case to the Eleventh Circuit Court of Appeals.

Respectfully Submitted,

**FRANK E. POLO SR.**
9411 Fontainebleau Blvd. Apt 212
Miami, FL. 33172
Phone: 305-901-3360

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

following attorney representing the debtor, Lilly Josephine Real, Edward P. Jackson P.A. via E-

Mail/E-Filing, on this 28 day of April 2021, and subsequent copy uploaded into the court's docket

via provided method in accordance with Covid 19 pandemic procedures. Originals are being sent

to this Court Via Certified Mail.

9411 Fontainebleau Blvd. Apt 212
Miami, FL. 33172
Phone: 305-901-3360