ORDERED.

Dated: May 25, 2021

Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                  CASE NO.: 3:16-bk-3913-JAF

LILLY J. REAL,                                                    Chapter 7

    Debtor.
_____/

## ORDER DENYING FRANK POLO'S MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

This case came before the Court upon Motion for Permission to Appeal in Forma Pauperis filed by Frank Polo (Doc 100). Mr. Polo seeks to have the Court waive the appeal filing fee of its Order dated April 16, 2021 Denying Verified Motion for Relief from All Judgments Entered in this Case.

Under BAPCPA, bankruptcy courts acquired explicit authority to rule on applications to waive the appeal filing fee for a Chapter 7 debtor as set forth in 28 U.S.C. § 1930(f)(2). See In re Ray, 2016 WL 3211449 (Bankr. S.D. Ga. June 1, 2016). "Under § 1930(f)(2)-(3), the Judicial Conference has instructed courts to apply the standard of eligibility for waiver of the Chapter 7

case filing fee, [set forth in § 1930(f)(1)]." Id. That standard requires that a debtor have income which is less than 150% of the income official poverty line and be unable to pay the fee in installments.

Prior to BAPCPA, bankruptcy courts utilized 28 U.S.C. § 1915 to determine whether to waive an appeal filing fee. In addition to the requirement that an appellant be unable to pay as set forth in § 1915(a)(1), § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915. While there is no explicit good faith requirement set forth in § 1930, bankruptcy courts considering in forma pauperis appeals under § 1930(f)(2)-(3) have retained the good faith analysis previously set forth in § 1915. In re Ray, 2016 WL 3211449 at *3 (collecting cases). The Court finds that approach to be the proper one and holds that an appellant seeking to have the appeal filing fee waived in a bankruptcy appeal must establish indigency and must also be proceeding in good faith. Good faith is judged by an objective standard and is demonstrated when an appellant seeks review of an issue that is not frivolous. Coppedge v. U.S., 369 U.S. 438, 445 (1962). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted). The Court finds that Mr. Polo's claim has no merit either in law or fact and is therefore frivolous. Upon the foregoing, it is

**ORDERED:**

Mr. Polo's Motion for Permission to Appeal in Forma Pauperis is denied.

Clerk's Office to Serve